# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| Rebecca Postins, | Civil Action No.: <u>6:14-cv-433</u> |
| Plaintiff, | |
| v. | |
| Plateau Data Services, LLC d/b/a Rates Marketplace, | **COMPLAINT** |
| | JURY |
| Defendant. | |

For this Complaint, Plaintiff, Rebecca Postins, by undersigned counsel, states as follows:

## <u>JURISDICTION</u>

1.     This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## <u>PARTIES</u>

1.     Plaintiff, Rebecca Postins ("Plaintiff"), is an adult individual residing in Longview, Texas, and is a "person" as the term is defined by 47 U.S.C.A § 153(39).

2.     Defendant Plateau Data Services, LLC d/b/a Rates Marketplace ("Plateau"), is a New York business entity with an address of 185 Madison Avenue, 5th Floor, New York, NY 10016, and is a "person" as the term is defined by 47 U.S.C.A § 153(39).

## FACTS

3.      In or around February 2014, Defendant began calling Plaintiff's cellular telephone up to twenty (20) times per week.

4.      At all times mentioned herein, Defendant called Plaintiff using an automatic telephone dialing system ("ATDS" or "predictive dialer").

5.      Plaintiff does not have a business relationship with Defendant and never provided consent to be contacted by Defendant on her cellular telephone.

6.      When she answered the automated calls, Plaintiff experienced a period of silence before one of Defendant's representatives came on the line.

7.      During the calls, Defendant offered its services to Plaintiff in an attempt to have Plaintiff refinance her home.

8.      Plaintiff explained to Defendant that she did not own a home and requested that Defendant cease calling her cellular telephone.

9.      Nonetheless, Defendant placed at least sixty (60) additional calls to Plaintiff's cellular telephone.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, et seq.

10.      Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

11.      At all times mentioned herein and within the last four years, Defendant called Plaintiff on her cellular telephone using an ATDS or predictive dialer.

12.      In expanding on the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will

2

answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022.  The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration."  *Id.*  In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned."  *Id.*

13.     Defendant's telephone systems have all the earmarks of a predictive dialer.  When Plaintiff answered Defendant's calls, she was met with a period of silence before Defendant's telephone system would connect her to a live representative.

14.     Upon information and belief, Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

15.     Plaintiff did not provide and/or revoked her consent to be contacted on her cellular telephone, and in fact instructed Defendant on at least one occasion to stop all calls to her and cease calling her cellular telephone.

16.     Defendant continued to place automated calls to Plaintiff's cellular telephone after being advised multiple times by Plaintiff that she did not require their services and knowing there was no consent to continue the calls.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

17.     The telephone number called by Defendant was assigned to a cellular telephone service pursuant to 47 U.S.C. § 227(b)(1).

18.     The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19.     Each of the aforementioned calls made by Defendant constitutes a violation of the TCPA.

20.     As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

21.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1.  Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(1)(A);

2.  Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3.  Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: May 7, 2014

Respectfully submitted,

By  */s/ Jenny DeFrancisco*

Jenny DeFrancisco, Esq.
CT Bar No.: 432383
LEMBERG LAW LLC
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250

4

Facsimile:  (203) 653-3424
E-mail: jdefrancisco@lemberglaw.com
*Attorneys for Plaintiff*